**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LAZARO LEZCANO LAZO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-605-PRW |
| | ) | |
| SCARLET GRANT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. Respondents contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), which mandates detention. On May 12, 2026, Magistrate Judge Chris M. Stephens issued a Report and Recommendation (Dkt. 13) recommending that the Court grant Petitioner's request for habeas relief and order Respondents to release Petitioner or, in the alternative, provide him with a bond hearing. Judge Stephens issued the Report and Recommendation before the Tenth Circuit limited § 1225(b)(2)A)'s reach to aliens detained at the border.[1] The Report and Recommendation concludes that 8 U.S.C. § 1226(a) governs Petitioner's detention and recommends that the Court order a bond hearing.[2]

---

[1] *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1250–51 (10th Cir. 2026).

[2] R. & R. (Dkt. 13), at 37.

Respondents object to Judge Stephens's determination that § 1226(a) controls Petitioner's detention.[3] Because the Petition alleges—and Respondents do not dispute—that ICE arrested Petitioner within the interior United States, *Quiroz* mandates that he is detained pursuant to § 1226(a).

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation **IN PART** (Dkt. 13) with respect to its determination that Petitioner is detained under 8 U.S.C. § 1226(a) and **GRANTS** the Petition **IN PART** (Dkt. 1).

The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.[4] The Court reserves a ruling on Petitioner's remaining claims pending resolution of the bond hearing. The Court **ORDERS** Respondents to file a status report within ten days of this Order.

The Court **DENIES** Petitioner's Motion to Expedite (Dkt. 16) as moot.

**IT IS SO ORDERED** this 18th day of November 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[3] Resp'ts' Obj. (Dkt. 14). *See* 28 S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

[4] If Respondents contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control, or if there has been a material change in Petitioner's status (for example, if Petitioner has agreed to voluntarily depart) they may file a motion for reconsideration within seven days of this Order.